### STICKLES et al. v. MILLER et al.

(Supreme Court, Appellate Division, Third Department. March 8, 1911.)

1. MORTGAGES (§ 415*)—FORECLOSURE—IRREGULARITIES.

The property of an estate which was mortgaged was conveyed to W. to prevent foreclosure, pay off mortgages, and settle differences between the children and widow, so that the son should have the farm, conditioned upon the support of his mother for life, and W. bid in the property, paid off the debts as contemplated, and conveyed the farm to the son, who assumed, as a part of the consideration, a second mortgage placed on the property by W., but the deed to the son did not include certain personalty and other property which was conveyed to W. In proceedings to foreclose the second mortgage, the son defended on the ground that it was not due until the personalty, etc., was conveyed to him. A deed to such property was tendered into court during trial and was accepted by him subject to the disposition of it by the referee. *Held*, that the son could not have been harmed by the omission of such property in the deed to him even if it was omitted by mistake.

[Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 415.*]

2. REFERENCE (§ 90*)—FINDINGS OF REFEREE—REFUSAL TO FIND.

A referee must be presumed to have refused to find conclusions of law requested by defendant, where, if he had found such conclusions, he could not have rendered the report that he did render.

[Ed. Note.—For other cases, see Reference, Dec. Dig. § 90.*]

3. APPEAL AND ERROR (§ 1044*)—HARMLESS ERROR.

In view of Code Civ. Proc. § 721, providing that a judgment shall not be impaired or affected because of the default or negligence of the clerk or any other officer of the court by which the adverse party has not been prejudiced, the failure of a referee to note in the margin of the propositions of law and facts submitted by defendant the manner in which the propositions were disposed of, as required by Code Civ. Proc. § 1023, if so required, was not reversible, where defendant was accorded all rights

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

on appeal which he would have had had the statute been strictly followed, and the judgment did justice between the parties.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1044.*]

Appeal from Judgment on Report of Referee.

Action by Gertrude M. Stickles and others against Wilber Miller and wife, impleaded with others, to foreclose a mortgage. From a judgment for plaintiffs, defendants named appeal. Affirmed.

See, also, 138 App. Div. 934, 123 N. Y. Supp. 1143.

Argued before SMITH, P. J., and KELLOGG, SEWELL, BETTS, and HOUGHTON, JJ.

A. Frank B. Chace & Sons, for appellants.
Harold Wilson, Jr., for respondents.
Chancellor Hawver, pro se.

BETTS, J. Joseph Miller, the owner of the real estate described in the judgment of foreclosure and sale herein, of certain other real estate, and of some personal property, died November 6, 1900, testate. His will was duly probated, and letters testamentary were duly issued to the defendant, his son, Wilber Miller. By his said will he left all his estate during the term of his wife Joanna's life to his executor for her support and maintenance and the payment of her funeral expenses, then made certain bequests to be paid annually to his son, Wilber, during the life of his wife, and upon her death his four children, the said Wilber Miller, and the three plaintiffs, Gertrude M. Stickles, Catharine M. Bingham, and Olivia Bingham were made contingent remaindermen.

There was a mortgage upon the farm of $3,000, with accrued interest thereon, held by Messrs. Washburn, executed by Joseph Miller and his wife. Disagreement and litigation arose between the widow and children as to the management of the estate, and certain written agreements were made between them as to the disposition of it, one in March, 1906, by which the three daughters and the mother agreed to, and later did, convey to Wilber Miller the farm described in the judgment herein. The other real estate, consisting of a cemetery lot and the church shed and the personal property of deceased, were not conveyed. Upon the execution of this deed Wilber Miller and his wife executed two mortgages, one to the three sisters of Miller, and another to certain lawyers, apparently to pay their fees and for expenses connected with the administration and settlement of the estate of Joseph Miller and litigation growing out of the settlement of said estate.

This action failing to work satisfactorily in settling questions involved in this estate as between the owners thereof, and doubts having arisen as to the validity of the agreement made in 1906 taken in connection with a certain trust provision in the will of said Joseph Miller, a new agreement was made in 1907 between Joanna Miller and her four children. The referee finds the 1907 agreement took the place of and was substituted for the 1906 agreement, and we think he was right. The substance of this agreement was that Wilber Miller, who

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was then the record owner of the farm, and his wife should execute a deed to Burgess Speed or to some person designated by him and also make the same conveyance as executor of the last will and testament of Joseph Miller, deceased, whereupon said Burgess Speed or the person designated by him was to bid in the property in the foreclosure suit then being carried on by Frank Washburn on the original $3,000 mortgage. Speed or the person designated was then to borrow from a Hudson Savings Bank $5,000, execute a mortgage therefor to the bank, satisfy the Washburn mortgage interest entirely, pay certain attorneys, and pay the balance of said $5,000 to the mother, Joanna Miller. Then said Speed or the person designated was to execute a mortgage to the three sisters, plaintiffs here, to Chancellor Hawver, one of the defendants, and John L. Crandell, one of the plaintiffs, for $2,550, their several interests being stated, payable one year after date with interest. Hawver and Crandell were lawyers who had some claim against some of the parties to this action. Harold Wilson, Jr., one of the defendants, who was designated by Burgess Speed, received the deed from Wilber Miller individually and as executor and his wife, of the farm of land and also of all personal property of every kind now belonging to the estate of Joseph Miller and the church shed or the right in the church shed and the cemetery lot and the monument thereon, reserving to Joanna the right to be buried in said lot.

The deed was recorded by Wilson, and he thereupon proceeded to bid in the property upon the Washburn mortgage foreclosure sale and borrowed the $5,000 from the Hudson Savings Bank, giving a mortgage therefor on the farm, paid the Washburn mortgage and expenses connected therewith, and received the referee's deed, paid the attorneys as he was directed to, and the balance of said $5,000 to Joanna Miller, the mother. He then executed the bond and mortgage in suit, covering the farm, being a second mortgage, as was agreed to in the agreement of 1907, which bond and mortgage was dated October 10, 1907. He then, October 31, 1907, executed a quitclaim deed to Wilber Miller of the farm of land subject to these two mortgages, which mortgages and interest the said Wilber Miller, in said deed as part of the consideration, assumed and agreed to pay. Wilber Miller took the deed and had it recorded and retained it. By mistake or otherwise (the referee finds by mistake), the personal property and the church shed and cemetery lot were not included in this deed. It will be recalled that all the interest Wilson had in this cemetery lot, monument, and church shed and personal property was the undivided interest therein conveyed to him by Miller and his wife and which the referee properly I think found was conveyed to Wilson by mistake. It is to be noted, also, that all the conveyances, including mortgages made prior to the trial before the referee, conveyed the farm only, except the one by Wilber Miller individually and as executor and his wife to Harold Wilson, Jr., which is very significant as to whether a mistake was or was not made in that conveyance.

Neither the amount of the mortgage nor the interest being paid, after one year from date thereof this foreclosure proceeding was started, whereupon Wilber Miller came in and defended on the ground that the mortgage was not due until the church shed and the cemetery

lot and the personal property of the estate left by Joseph Miller was conveyed to Wilber Miller by Harold Wilson, Jr. A tender was made by Wilson in January, 1909, during the progress of the trial of a deed of this kind dated January 19, 1909, which was not accepted nor refused. The deed was then tendered into court and accepted by Miller as tendered subject to the disposition of it by the referee. The referee found against Wilber Miller and filed the deed with his report and directed judgment of foreclosure, and sale which judgment was duly entered. The judgment adjudged that the said deed of Wilson to Miller dated January 19, 1909, to the property therein conveyed be received by the defendant Miller as his property, and the deed may be recorded by him. At some time Wilber Miller filed with the referee certain proposed findings of fact and conclusions of law. The referee did not find or refuse to find any of these except as they were found in his regular report. Wilber Miller excepts to the findings of fact and conclusions of law and the refusal of the referee to find his proposed findings and conclusions and brings this appeal.

Practically the only matters in dispute are as to whether the mortgage was due when the foreclosure was commenced or at any time during the progress of the trial, and also whether the failure of the referee to note in the margin of the propositions of law and fact submitted on behalf of the defendant Wilber Miller, the manner in which each proposition has been disposed of as required by section 1023, Code Civ. Proc., should invalidate this judgment and jeopardize or affect the rights of the mortgagees in the said mortgage.

The referee has found that it was a matter of mistake on the part of Wilson and Miller that the conveyance of the other real estate and personal property was not made to Miller, and it also appeared during the trial of the case that Miller was in possession of the farm property during all the time after the giving of the mortgage.

I cannot see how Miller was harmed. Almost as soon as the demand was made, the deed was tendered. He inserted this extra property in his deed to Wilson, and it was not included in any of the mortgages. The agreement of 1907 was to prevent the spoiliation of the estate by a foreclosure of the Washburn mortgage and to pay claims of lawyers and to stop all litigation. Wilson succeeded in doing so, and the deed and the two mortgages were given to settle the differences between the parties and to pay expenses of litigation, so that Wilber Miller should have his father's farm burdened simply with the care of his mother, during her natural life. That he has got by deed or deeds, and he should pay the amount that he agreed to pay for the purpose of securing it. That amount is expressed in the mortgage and all the other members of his father's family, the beneficiaries under the will in any way, parted with whatever title they had in said farm to him. Evidently this agreement and deed and mortgages thereunder were satisfactory to him, or he would not have entered into them.

We think the mortgage was due in one year from its date, as is clearly stated in the instrument itself.

The Code provision as to noting in the margin of the proposed findings is as follows:

"Before the cause is finally submitted to the court or the referee, or within such time afterwards, and before the decision or report is rendered, as the court or referee allows, the attorney for either party may submit, in writing, a statement of the facts, which he deems established by the evidence, and of the rulings upon questions of law, which he desires the court or the referee to make. The statement must be in the form of distinct propositions of law, or of fact, or both, separately stated; each of which must be numbered, and so prepared, with respect to its length, and the subject and phraseology thereof, that the court or referee may conveniently pass upon it. At or before the time, when the decision or report is rendered, the court or the referee must note, in the margin of the statement, the manner in which each proposition has been disposed of, and must either file, or return to the attorney, the statement thus noted; but an omission so to do does not affect the validity of the decision or report. An exception may be taken to a refusal of the court or referee to find any request thus submitted."

The section itself states clearly "but an omission so to do (that is, to note in the margin) does not affect the validity of the decision or report." The referee found very fully all the facts in controversy and found many of the facts requested to be found by the defendant Miller, and he could find none of the conclusions of law and render the report that he did make, hence it is apparent from his report that he refused to find those conclusions of law; nor do I think that any of the proposed findings of fact and conclusions of law submitted by defendant Miller that were material to the question at issue here were established by the evidence before the referee except as found in the referee's report.

The Court of Appeals held, in Bremer v. Manhattan Ry. Co., 191 N. Y. 333–340, 84 N. E. 59, 61:

"There is no requirement that the court shall incorporate in its decision the disposition of those questions of law or fact, whether they are favorable or unfavorable to the party presenting them. They are to be returned to the attorney and subsequently attached to the judgment roll. A trial court in making its decision finds such facts as it deems material to the proper disposition of the issues to be determined and on those facts bases its conclusions of law. These are the only facts required to be found in the decision. But the court may err in its judgment that the other facts proved in the case are immaterial, and to afford the defeated party an opportunity to correct such an error the privilege is given to present requests to find. Of course, it would do no harm if the facts so requested and found by the trial court were incorporated in the decision, but we see no necessity that they should be so incorporated."

Section 721 of the Code of Civil Procedure provides, so far as material, where a report or decision has been rendered, any judgment of a court of record shall not be impaired or affected by reason of certain imperfections, omissions, defects, matters, or things in the process, pleadings, or other proceedings, and, as provided in the twelfth subdivision thereof:

"For an omission on the part of a referee to be sworn; or for any other default or negligence of the clerk, or any other officer of the court, or of a party, his attorney or counsel, by which the adverse party has not been prejudiced."

The referee was an officer of the court. Any rights that the defendant Miller could have been given had the referee followed the wording of the statute have been accorded to him here on this appeal.

We think this judgment, which does exact justice between the parties and conforms to the agreements and papers that they executed, should not be disturbed because of the neglect or failure of the referee to follow the exact wording of the statute in reference to the defendant Miller's proposed findings.

It follows that the judgment should be affirmed, with one bill of costs only to the plaintiffs and the defendant Hawver as against the defendant Miller.

Judgment unanimously affirmed, with one bill of costs only to the plaintiffs and the defendant Hawver as against the defendant Miller. All concur; SMITH, P. J., and HOUGHTON, J., in result.